# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JE CORCORAN COMPANY and <br> COFACE NORTH AMERICA <br> INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> REED SAUL, INC., d/b/a Green Grocer, <br> and DAVID GOLOMB, <br><br> Defendants. | Civil Action No. 14-1044 <br><br> Judge Nora Barry Fischer |

## MEMORANDUM OPINION

### I. INTRODUCTION

Pending before the Court are the combined motions to disallow (Docket No. 21) and to dismiss (Docket No. 22) filed by Reed Saul, Inc., d/b/a Green Grocer ("Reed Saul"), and David Golomb ("Golomb") (*collectively* "Defendants"), requesting that this Court preclude Coface North America Insurance Company ("Coface") and JE Corcoran Company ("JE Corcoran") (*collectively* "Plaintiffs") from maintaining an action against Defendants pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA"). Presently, Plaintiffs allege several violations of PACA in Counts 1 through 4 of their Amended Complaint of February 2, 2015 (Docket No. 19). This court exercises subject-matter jurisdiction over Plaintiffs' claims pursuant to 7 U.S.C. § 499e(c)(5)(i) (actions by trust beneficiaries) and 28 U.S.C. § 1331 (federal question jurisdiction). For the following reasons, Defendants' Motion to Disallow will be DENIED; however, the Motion to Dismiss will be GRANTED.

## II. PROCEDURAL AND FACTUAL BACKGROUND

JE Corcoran is a buyer and seller of wholesale perishable agricultural commodities ("produce") in interstate commerce, and was a dealer licensed in accordance with PACA at all times pertinent to the current litigation. (Docket Nos. 19 at 2; 19-1). Reed Saul is a business engaged in the purchase of wholesale produce in interstate commerce, and was also a dealer licensed in accordance with PACA at all times pertinent to the current litigation. (Docket Nos. 19 at 2; 19-2). Golomb was the owner, officer, and director of Reed Saul and controlled the day to day operations of Reed Saul, including PACA trust assets allegedly belonging to JE Corcoran. (Docket No. 19 at 3).

Between November 7, 2013 and December 30, 2013, JE Corcoran sold and delivered wholesale produce valued at $402,810.35 to Defendants. (Docket No. 19 at 3). JE Corcoran provided Defendants with invoices evidencing the amount due and owing. (Docket Nos. 19 at 3 – 4; 19-3). Defendants never reimbursed JE Corcoran for $356,410.35 of the total amount owed for the wholesale produce received. (Docket No. 19 at 3).

On February 5, 2014, JE Corcoran filed a claim in the amount of $402,810.35 with its insurer, Coface, a company engaged in providing credit insurance. (Docket Nos. 19 at 2; 22-1 at 4). The insurance policy limit was $250,000.00. (Docket No. 22-1 at 4). After accounting for various payments made by Defendants toward their $402,810.35 debt, Coface paid JE Corcoran $191,038.64. (*Id.*). On April 7, 2014, JE Corcoran then entered into an "Assignment of Account" ("Assignment") agreement with Coface. (Docket Nos. 19 at 2; 19-4). By the terms of the Assignment, Coface received "absolute title" to the outstanding $356,410.35 debt owed by Defendants to JE Corcoran, as well as "full power and authority" as assignee to "take all proceedings that it may deem necessary for the collection" of the debt. (Docket No. 19-4). The

Assignment further states that JE Corcoran is entitled to 44.14% of the net proceeds collected by Coface. (Docket Nos. 19 at 4; 19-4).

A Complaint was thereafter filed in this Court by JE Corcoran on August 6, 2014, seeking damages in the amount of the unpaid balance of $356,410.35 for wholesale produce delivered. (Docket No. 1). Pursuant to PACA, JE Corcoran sought to collect from both Defendants at Count 1 for failure to pay trust funds; from Reed Saul at Count 2 for failure to pay for goods sold; from Golomb at Count 3 for unlawful dissipation of trust assets by a corporate official; and again, from both Defendants at Count 4 for interest and attorney's fees. (Docket No. 1 at 3 – 5). The Complaint was subsequently amended on February 2, 2015 to include Coface as an additional plaintiff. (Docket No. 19). Defendants filed the present motions, *pro se*, on February 20, 2015.[1] (Docket Nos. 21; 22). The issues have been fully briefed. (Docket Nos. 24; 25). The matter is now ripe for disposition.

## III. STANDARD OF REVIEW

Although not explicitly styled as such in their motions, Defendants' arguments for dismissal and disallowance are attacks on Plaintiffs' standing to bring the claims contained in the Amended Complaint. "A motion to dismiss for want of standing is…properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Constitution Party of Pennsylvania v. Aichele*, 757 F. 3d 347, 357 (3d Cir. 2014) (quoting *Ballentine v. United States*, 486 F. 3d 806, 810 (3d Cir. 2007)). Whether such a motion is a "facial" or "factual" attack on standing determines how the pleadings are to be reviewed. *Id.* at 357 – 58 (citing *In re Schering Plough Corp. Intron*, 678 F. 3d 235, 243 (3d Cir. 2012)).

---

[1] In this Court's Order of February 24, 2015, Reed Saul was stricken from the present motions, because a corporation cannot proceed as a *pro se* litigant, and neither may Golomb – a non-attorney – represent Reed Saul's interests. (Docket No. 23).

3

A facial attack considers only "a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the courts" due to some jurisdictional defect. *Id.* at 358. This type of attack occurs prior to the filing of an answer or a challenge to the factual allegations of a complaint. *Id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F. 2d 884, 889 – 92 (3d Cir. 1977)). A factual attack concerns "the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (quoting *CNA v. United States*, 535 F. 3d 132, 139 (3d Cir. 2008)). A defendant's challenge must go to the actual facts supporting a claim, "not merely how those facts were pled." *U.S. ex rel. Atkinson v. PA Shipbuilding Co.*, 473 F. 3d 506, 514 (3d Cir. 2007).

Although Defendants have filed an Answer to Plaintiffs' original Complaint denying various statements of fact contained therein, Defendants did not file an answer to the Amended Complaint, and in the motions presently before this Court, Defendants' arguments are not based upon conflicting factual accounts. Defendants contest only the import of the facts pled; i.e. whether the Assignment is sufficient to confer standing to either of the Plaintiffs. Given that there is no factual attack, here, the Court may "only consider the allegations of the complaint and documents referenced therein and attached thereto…in the light most favorable" to Plaintiffs. *Id.* (citing *In re Schering*, 678 F. 3d at 243).

### V. DISCUSSION

Defendants begin by arguing in their Motion to Disallow that Coface should not be able to bring suit pursuant to PACA provisions, because Coface is not "a seller, grower, or supplier of fresh fruits and vegetables," and is "not a registered PACA licensee." (Docket No. 21 at 1). As such, Coface is arguably not entitled to the protections afforded to licensees under PACA. (*Id.*). Nevertheless, as Defendants clearly articulate in their concurrent Motion to Dismiss, JE

4

Corcoran assigned to Coface "full power and authority" to file the present action. (Docket No. 22 at 1). Moreover, the Assignment itself states that Coface received "absolute title to the said account assigned…and is entitled to deal therewith as [Coface] sees fit." (Docket No. 19-4).

Generally, a determination of standing to bring a claim "focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Aichele*, 757 F. 3d at 360 (quoting *Davis v. FEC*, 554 U.S. 724, 734 (2008)). Defendants' attack does not focus on the traditional loci of standing: injury-in-fact, causation, and redressability. *Id.* Instead, Defendants state that Coface is not a class of plaintiff contemplated by PACA, and should not be able to avail itself of PACA's protections.

PACA was passed by Congress with the intention of promoting fair trading practices in the wholesale produce industry, and to "protect small farmers and growers…vulnerable to… irresponsible buyers." *Pacific Int'l Mktg, Inc. v. A&B Produce, Inc.*, 462 F. 3d 279, 282 (3d Cir. 2006) (quoting *Idahoan Fresh v. Advantage Produce, Inc.*, 157 F. 3d 197, 199 (3d Cir. 1998)). To this end, Congress amended PACA to include a statutory trust provision for suppliers, sellers, and agents against buyers who fail to pay for produce received. *Id.* "Under the statutory trust provision, a buyer's produce, products derived from that produce, and the proceeds gained therefrom are held in a non-segregated, floating trust for the benefit of unpaid suppliers, sellers, and agents who meet the applicable statutory requirements." *Id.*

In their present motions, Defendants do not dispute that JE Corcoran is a party entitled to this PACA benefit; Defendants only take issue with the Assignment. The Supreme Court of the United States had cause to visit the issue of assignee standing in *Sprint Commc'n Co., L.P. v. APCC Serv., Inc.*, 554 U.S. 269 (2008). In that case, payphone operators assigned, for purposes of collection, "all rights, title and interest" in their claims against various long-distance operators

to a third party aggregator. *Id.* at 272. The assignment agreement included a provision requiring the aggregator to remit all sums awarded from litigation to the payphone operators, for which the aggregator would receive compensation for its services. *Id.* The Supreme Court noted that the aggregator was suing based upon injuries originally suffered by another party; nevertheless, because the payphone operators assigned all "rights, title and interest" in their claims based on those injuries to the aggregators, the aggregators were effectively asserting "legal rights of their own." *Id.* at 290. "The aggregators, in other words, are asserting first-party, not third-party, legal rights. *Id.*

Presently, Defendants assert that PACA was created to protect approved produce suppliers, sellers, and agents, and that Coface does not meet PACA standards for consideration as such. The above notwithstanding, in their motions currently before the Court, Defendants do not argue that JE Corcoran was not one of those parties. Indeed, viewing the facts in the light most favorable to Plaintiffs, the Court is compelled to find that JE Corcoran was a PACA protected entity. Further, although Coface is not a dealer licensed in accordance with PACA, Coface received from JE Corcoran "absolute title" and "full power and authority" to bring JE Corcoran's PACA claim. As with the aggregator in *Sprint*, the Assignment allows Coface to step into the shoes of JE Corcoran and effectively assert first-party rights.

Moreover, allowing Coface to bring suit instead of JE Corcoran does not defeat the purpose of PACA. The pertinent inquiry in the present case must focus upon whether the injury which JE Corcoran allegedly suffered is likely to be rectified through litigation by its assignee, Coface. *Sprint*, 554 U.S. at 287. As in *Sprint*, a victory by Coface would redress JE Corcoran's injuries, because in addition to the policy payment received by JE Corcoran from Coface prior to the Assignment, JE Corcoran would also receive 44.14% of any sums ultimately awarded to

Coface through litigation of JE Corcoran's PACA claim. Coface itself would also receive a pecuniary benefit in the form of 55.86% of any award. *Cf. Sprint*, 554 U.S. at 289 (where standing was granted in spite of assignee having no pecuniary interest in any ultimate court award). Additionally, allowing Coface to proceed with the PACA claim would prevent Defendants from escaping their potential PACA liability, which would truly defeat PACA's purpose to hold buyers responsible for failure to pay sellers of wholesale produce. In short, "the assignee of a claim has standing to assert the injury in fact suffered by the assignor." *Id.* at 286 (quoting *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000)). Thus, Coface is a proper plaintiff, and may continue to bring this claim in accordance with PACA.

As to Defendants' Motion to Dismiss JE Corcoran as a plaintiff, Defendants' argument is predicated solely on the fact that JE Corcoran assigned "absolute title" and "full power and authority" to proceed against Defendants to Coface. Generally, courts have held that an "assignor may no longer sue when all of its rights to a claim have been assigned." *Krupa v. Hilcorp Energy I LP*, 2014 WL 2506144 at * 12 (W.D. Pa. Jun. 3, 2014). *See also Sanford Inv. Co., Inc. v. Ahlstrom Mach. Holdings, Inc.*, 198 F. 3d 415, 421 – 22 (3d Cir. 1999) (party which completely assigned away its right to enforce contractually-owed payment lacked standing to sue). JE Corcoran responds that the Assignment only assigned a portion of the claim to Coface, with the Amended Complaint specifying the amounts owed to each plaintiff.

However, the Assignment provides, in relevant part, that JE Corcoran:

> does hereby sell, assign and transfer to the aforesaid [Coface] the claim and demand of [JE Corcoran] against Reed-Saul, Inc., of McKeesport, Pennsylvania, the sum of three hundred forty-two thousand, ten and 35/100 cents ($342,010.35), of which a statement of account is hereto annexed, with *full power and authority* to the said [Coface] as assignee of the said account to take all proceedings that it may deem necessary for the collection of the same, and to give all receipts and

7

> acquittances therefore. [Coface] is hereby given *absolute title to the said account* assigned as aforesaid and is entitled to deal therewith as it sees fit.
>
> ***
>
> [JE Corcoran] does represent and warrant that…there are no offsets or claims of any kind against the same, and that *all securities and guarantees pertaining to the account have been surrendered* to [Coface].
>
> ***
>
> [Coface] shall remit to [JE Corcoran] -44.14- percent (uncovered portion) of the net proceeds which it may collect on said account, after deducting all expenses and costs of *collection*.

(Docket No. 19-4) (emphasis added). The wording of the Assignment clearly articulates that JE Corcoran assigned all of its interest in the unpaid portion of Defendants' original debt to Coface for collection, with JE Corcoran left to receive a defined percentage of the proceeds of any award. Even viewed in the light most favorable to JE Corcoran as the non-moving party, by the Assignment's own terms, JE Corcoran surrendered all of its rights to bring a claim against Defendants for the unpaid balance of their debt. As such, JE Corcoran has no standing to join in the present claim. *Sanford Inv. Co., Inc.*, 198 F. 3d at 421 – 22.

## VI.  CONCLUSION

Based upon the foregoing, as a legitimate assignee of full title to any PACA claim against Defendants that JE Corcoran may have, Coface has standing to bring the present PACA claim. However, the wording of the Assignment – even when viewed in the light most favorable to JE Corcoran as the non-moving party – demonstrates that JE Corcoran fully and voluntarily relinquished its rights to bring a PACA claim against Defendants. Accordingly, Defendants' Motion to Disallow (Docket No. 21) Coface Insurance to File a PACA Claim is denied, and

8

Defendants' Motion to Dismiss (Docket No. 22) JE Corcoran as a Plaintiff is granted. Appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: May 7, 2015

cc/ecf: All counsel of record.

    David Golomb
    301 Scenic Court
    Moon Township, PA 15108
    (via regular & certified mail)