IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COFACE NORTH AMERICA INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 14-1044 |
| v. | ) ) | Hon. Nora Barry Fischer |
| REED SAUL, INC. d/b/a GREEN GROCER, and DAVID GOLOMB, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

In this civil action, Plaintiff Coface North America Insurance Company ("Coface") has asserted claims against Defendants Reed Saul, Inc. d/b/a Green Grocer ("Reed Saul") and its principal, David Golomb ("Golomb"), for alleged violations of the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. §499a, *et seq.*[1] Presently pending before the Court is Defendant Golomb's motion for judgment on the pleadings (Docket No. 70). For the reasons set forth below, the motion will be granted in part and denied in part.

I. THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA")

The claims in this case arise under the Perishable Agricultural Commodities Act ("PACA"), which was enacted in 1930 "'to deter unfair business practices and promote financial responsibility in the perishable agricultural goods market.'" *Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.,* 623 F.3d 163, 166 (3d Cir. 2010) (quoting *Weis-Buy Servs., Inc. v. Paglia,* 411 F.3d 415, 419 (3d Cir. 2005)). Relevant to this action are particular provisions that were added

---
[1] The Court's subject matter jurisdiction is premised on 28 U.S.C. §1331 and 7 U.S.C. §499e(c)(5)

1

to the PACA in 1984 in order to create "'a non-segregated floating trust for the protection of producers and growers.'" *Id.* (quoting *Weis-Buy Servs.,* 411 F.3d at 420). In particular, the Section 5 of the PACA provides that:

> [p]erishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2). Section 2 of the PACA, as amended, makes it unlawful for "any commission merchant, dealer, or broker... to fail to maintain the trust as required under section 499e(c) of this title." 7 U.S.C. §499b(4). Section 5(c)(5) endows the district courts with jurisdiction to entertain actions by trust beneficiaries "to enforce payment from the trust." *Id.* at §499e(c)(5).

> Our Circuit Court of Appeals has explained that the trust provisions of Section 5:
>
> seeks to protect "sellers of fresh fruits and vegetables" who were "'unsecured creditors and receive[d] little protection in any suit for recovery of damages where a buyer ha[d] failed to make payment as required by the contract.'" *Weis–Buy*, 411 F.3d at 420 (quoting H.R. Rep. No. 98–543 (1983), *reprinted in* 1984 U.S.C.C.A.N. 405, 406–07). The 1984 amendment "'provide[d] a remedy by impressing a trust in favor of the unpaid seller ... on the inventories of commodities and products derived therefrom and on the proceeds of sale of such commodities and products in the hands of the commission merchant, dealer[,] or broker.'" *Id.* (quoting H.R. Rep. No. 98–543, 1984 U.S.C.C.A.N. 405, 407). The produce purchasers are "require[d] ... to hold sufficient PACA trust assets in trust to pay all suppliers." *Consumers Produce Co. v. Volante Wholesale Produce, Inc.*, 16 F.3d 1374, 1379 (3d Cir. 1994). In order to preserve trust benefits, "[a]n unpaid produce supplier or seller must give written notice of its intent to preserve ... to the produce dealer, broker, or commission merchant." *Id.* at 1378 (citing 7 U.S.C. § 499e(c)(3)).
>
> "[T]he trust provision ... provides unpaid suppliers with priority over secured lenders with regard to PACA trust assets held in trust by produce purchasers." *Id.* at 1379 (emphasis in original). Federal district courts are "vested with

jurisdiction specifically to entertain (i) actions by trust beneficiaries to enforce payment from the trust, and (ii) actions by the Secretary [of Agriculture] to prevent and restrain dissipation of the trust." 7 U.S.C. § 499e(c)(5).

The theme of the PACA trust devolves to this: to benefit producers of perishable agricultural items sold nationally to consumers, PACA places duties on those entrusted with such items for sale—the licensed sellers, or "middlemen" between producers and consumers—to prefer the producers over others. In the event of a breach of those duties, "liability attaches first to the licensed seller of perishable agricultural commodities. If the seller's assets are insufficient to satisfy the liability, others may be found secondarily liable...." *Shepard v. K.B. Fruit & Vegetable, Inc.*, 868 F. Supp. 703, 706 (E.D. Pa. 1994); *see also Golman–Hayden Co. v. Fresh Source Produce Inc.*, 217 F.3d 348, 351 (5th Cir. 2000) (same); *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997) (same).

*Bear Mountain Orchards*, 623 F.3d at 167 (alterations in the original).

## II. FACTUAL AND PROCEDURAL BACKGROUND[2]

The original Plaintiff in this action, JE Corcoran, is a Pennsylvania corporation engaged in the business of buying and selling wholesale perishable agricultural commodities ("produce") in interstate commerce and is duly licensed in accordance with the PACA. (Amended Compl. ¶3, Docket No. 19; Amended Compl. Ex. A, Docket No. 19-1.) Reed Saul is a Pennsylvania corporation engaged in the business of buying wholesale quantities of produce in interstate commerce. (Amended Compl. at ¶ 5(a).) Like JE Cocoran, Reed Saul was at all relevant times a dealer licensed under, and subject to, the provisions of the PACA. (*Id.*; Amended Compl. Ex. B, Docket No. 19-2.) Golomb is the owner, officer, and director of Reed Saul and controlled its day-to-day operations. (Amended Compl. at ¶5(b).) Plaintiff Coface is a New Jersey

---

[2] The following background facts are taken from Coface's Amended Complaint (ECF No. 19), the operative pleading in this case. For purposes of adjudicating Defendants' motion, all of the well-pled factual averments in the Amended Complaint will be accepted as true. *See Germinaro v. Fid. Nat. Title Ins. Co.*, 107 F. Supp. 3d 439, 448 (W.D. Pa. 2015) (on a Rule 12(c) motion, "the court should assume the veracity of all well-pled factual allegations and then 'determine whether they plausibly give rise to an entitlement to relief.'") (quoting *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)).

corporation engaged in the business of providing credit insurance to its clients, including JE Corcoran. (*Id.* at ¶ 4.)

Between November 7, 2013 and December 30, 2013, JE Corcoran sold and delivered to Reed Saul wholesale produce valued at $402,810.35. (Amended Compl. ¶8.) Although JE Corcoran provided Reed Saul with invoices evidencing the amounts due and owing, Reed Saul never fully paid JE Corcoran, and a balance of $356,410.35 remains due and owing. (*Id.*)

On or about April 7, 2014, pursuant to an agreement of credit insurance between Corcoran and Coface, Corcoran assigned 55.86% of its rights to Coface and retained 44.14% of its initial claim. (Amended Compl. ¶13 and Ex. D, ECF No. 19-4.) Under the terms of this assignment, Coface received "absolute title" to the outstanding $356,410.35 debt owed by Defendants to JE Corcoran, as well as "full power and authority" as assignee to "take all proceedings that it may deem necessary for the collection" of the debt. (Amended Compl. Ex. D, ECF No. 19-4.) The assignment terms provide that JE Corcoran is entitled to 44.14% of the net proceeds collected by Coface. (*Id.*)

On August 6, 2014, JE Corcoran commenced this litigation against Reed Saul and Golomb (Docket No. 1). The complaint was subsequently amended to add Coface as an additional Plaintiff (Docket No. 19). The Amended Complaint (Docket No. 19) -- now the operative pleading in the case -- asserts the following four causes of action: a claim against both Reed Saul and Golomb for failure to pay PACA trust funds in the amount of $356,410.35 (Count 1); a separate claim against Reed Saul only, based on its alleged failure to pay the $356,410.35 owed for produce and other items (Count 2); a claim against Golomb for alleged dissipation of the PACA trust assets belonging to Plaintiffs (Count 3); and a claim against both Defendants for

interest and attorneys' fees (inadvertently mislabeled "Count 5," but referred to hereafter as "Count 4").

On May 7, 2015, this Court dismissed JE Corcoran's claims against the Defendants on the ground that JE Corcoran, through its execution of the assignment, had voluntarily relinquished its rights to bring a PACA claim in its own right. (Docket Nos. 27 and 28.) Coface thus proceeds as the only Plaintiff in this action.

Meanwhile, on February 9, 2016, the clerk entered default as to Reed Saul (Docket No. 63). Golomb subsequently filed his answer to the Amended Complaint (Docket No. 64). On March 9, 2016, he filed the now-pending motion for judgment on the pleadings (Docket No. 70). Coface has filed its response to the motion (Docket No. 72), and Golomb has filed a reply (Docket No. 73), making Golomb's Rule 12(c) motion ripe for adjudication.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate only when the movant "clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Minnesota Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (internal quotations and citations omitted). When ruling on a motion for judgment on the pleadings, a court generally cannot consider matters outside of the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (discussing the equivalent Rule 12(b)(6) standard of review). A court may, however, consider a document attached to the complaint, a document "integral to or explicitly relied upon in the complaint," or an otherwise indisputably authentic document that a defendant attaches to its motion. *Id*. (citations omitted); *see also Germinaro v.*

*Fid. Nat. Title Ins. Co.*, 107 F. Supp. 3d 439, 449 (W.D. Pa. 2015) (discussing the Rule 12(c) standard of review).

In order to survive a Rule 12(c) motion, the complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court of Appeals for the Third Circuit has prescribed a three-step analysis to determine whether a claim is plausible. First, the court should "outline the elements a plaintiff must plead to state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Second, the court should "peel away" legal conclusions that are not entitled to the assumption of truth. *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). Third, the court should assume the veracity of all well-pled factual allegations and then "'determine whether they plausibly give rise to an entitlement to relief.'" *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679). A claim is facially plausible when there is sufficient factual content from which to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," but the law does not impose a "probability requirement." *Id*. "Although factual allegations must be enough to raise a right to relief above the speculative level, a plaintiff need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (internal quotations, citations, and alterations omitted). This third step of the analysis is "'a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense.'" *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679).

IV. DISCUSSION[3]

A. <u>Count 1: Failure to Pay Trust Funds (v. Reed Saul and Golomb)</u>

In Count 1 of the Amended Complaint, Coface alleges that both Reed Saul and Golomb violated the PACA by failing to make payment of trust finds in the amount of $356,410.35. (Amended Compl. at ¶ 16.) As relief, Coface seeks an order enforcing "immediate payment" from the trust funds in the amount owed. (*See id.*, *ad damnum* clause at Count 1.) Elsewhere in the Amended Complaint, Coface clarifies that it is bringing this action "to enforce the trust provisions of [PACA]." (*Id*. at ¶7.)

Despite these averments, Golomb disputes that the claim in Count 1 is being asserted under PACA's trust provisions. Instead, he argues that the claim is actually a claim for damages under Section 5(a) and (b) of PACA based on Reed Saul's failure to promptly pay for its produce. As such, according to Golomb, the claim in Count 1 does not implicate PACA's trust provisions, and the Court should "strike or otherwise ignore allegations" regarding Coface's "alleged status as a PACA trust beneficiary" (Golomb's Rule 12(c) Mot. for Judg. on the Pleadings at 12, Docket No. 70), because Coface stands in the shoes of an ordinary unsecured creditor with respect to its claim in Count 1.

---

[3] Because Golomb is named as a Defendant in Counts 1, 3 and 4 of the Amended Complaint, only those claims will be discussed in detail. Count 2 of the Amended Complaint asserts a claim solely against Reed Saul for its "[f]ailure to [p]ay [f]or [g]oods [s]old." (Amended Compl., Count 2, Docket No. 19.) Golomb contends that the Court "should not consider any of the allegations contained in Count 2 and strike the same with respect to the Court's consideration of Plaintiff's claims against Defendant in Count 2." (Def. Golomb's Rule 12(c) Mot. at 13, Docket No. 70.) To the extent Golomb's motion seeks relief relative to Count 2, it is denied as moot.

Golomb's argument lacks merit. While Subsections 5(a) and (b) of the PACA *do* provide a damages remedy for non-trust-related violations of the Act, *see* 7 U.S.C. §499e (a) and (b), Section 5(c) expressly provides an additional remedy in the form of actions "by trust beneficiaries to enforce payment from the trust." 7 U.S.C. §499e(c)(5). Coface, as master of its own complaint, has expressly invoked this provision. There is no reason to interpret the Amended Complaint differently from the manner in which it has been pled, so the question becomes whether a plausible claim has been stated under the PACA's trust provisions.[4]

To create a PACA trust and maintain trust beneficiary status, a produce seller must provide the buyer with notice of its intention to preserve trust benefits. *Reser's Fine Foods, Inc. v. Van Bennett Food Co*., No. 5:15-CV-0738, 2015 WL 6103637, at *3 (E.D. Pa. Oct. 16, 2015); *DiMare Homestead, Inc. v. Klayman Produce Co*., No. CIV.A. 12-2577, 2012 WL 5354597, at *2 (E.D. Pa. Oct. 31, 2012). Notice may appear on a merchant's invoices in the following form:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

7 U.S.C. § 499e(c)(4).

---

[4] It appears Golomb may be arguing that any request for relief in the form of monetary payment for unpaid invoices must necessarily be construed as a claim for damages under PACA's non-trust-related provisions. If that is the argument, it is erroneous. PACA's statutory structure does indeed allow for ordinary damage claims to be asserted by unpaid suppliers who have not preserved their status as trust beneficiaries. In such situations, those suppliers are relegated to the status of ordinary unsecured creditors. *See Bear Mountain,* 623 F.3d at 167. However, an unpaid supplier of produce is not relegated to the status of unsecured creditor *simply because it seeks payment for amounts due and owing*; rather, the supplier can assert a superior right to payment if the supplier establishes its status as a trust beneficiary. *See Bear Mountain,* 623 F.3d at 167; 7 C.F.R. §46.46 (c)(1)("When a seller...who has met the eligibility requirements... transfers ownership... of goods to a commission merchant, dealer, or broker, it automatically becomes eligible to participate in the trust," and [p]articipants who preserve their rights to benefits ... remain beneficiaries until they are paid in full.").

Here, the Amended Complaint alleges that Coface's assignor, JE Corcoran, supplied Reed Saul, a PACA-licensed dealer, agricultural commodities that were covered by PACA but did not receive full payment for those commodities. (*See* Amended Compl. ¶¶ 3, 5(a), 8, 10-12, Ex. A, B, and C.) The exhibits attached to the Amended Complaint show that JE Corcoran included the necessary language on each of its invoices to Reed Saul stating its intention to preserve its trust benefits. (Amended Compl. Ex. C, Docket No. 19-3.) If the foregoing facts are accepted at face value, then by operation of law, upon Reed Saul's receipt of the subject commodities, the produce -- and any derivatives or proceeds therefrom -- became part of a floating, nonsegregable statutory trust for the benefit of JE Corcoran and its assignor. Coface has therefore plausibly alleged that: (a) Reed Saul is liable for the unpaid purchase price of the commodities delivered by JE Corcoran and (b) Coface, as JE Corcoran's assignee, has preferred status as a trust fund beneficiary. *See Reser's Fine Foods, Inc.,* 2015 WL 6103637, at *3. Moreover, Coface has alleged that Golomb – the owner, officer and director of Reed Saul -- is the corporate officer that controls Reed Saul's trust fund assets. (*Id*. at ¶ 5(b).) Golomb is therefore appropriately named as a defendant in Count 1 to the extent that he would be the individual responsible for making payments on Reed Saul's behalf out of the company's trust fund assets.

Golomb contends that Count 1 fails to state any basis for his own personal liability because: (i) there are no allegations concerning him in Paragraphs 1 through 16 of the Amended Complaint, and (ii) there are no averments alleging the existence – or breach -- of a fiduciary duty or standard of care that may be applicable to him. Golomb's first argument is belied by the fact that he is alleged to be the "owner, officer and director of Reed Saul during the period of

9

time in question who controlled the day to day operations of Reed Saul," and was in a "position[] of control over the PACA trust assets belonging to Plaintiff." (Amended Compl. ¶ 5(b).)

Golomb's second objection would have potential relevance if the Court were to construe Count 1 as a claim seeking judgment against him in his personal capacity for the amounts allegedly owing; however, the Court construes Count 1 as a claim for payment solely out of the corporation's trust fund assets. This is appropriate for several reasons. First, Count 1 is expressly styled as a claim to enforce payment from the company's statutory trust fund. Second, Count 3 of the Amended Complaint already asserts a claim against Golomb in his personal capacity, so construing Count 1 in similar fashion would render Count 1 unnecessary and redundant. Third, under the PACA's statutory scheme, "liability attaches first to the licensed seller of perishable agricultural commodities. If the seller's assets are insufficient to satisfy the liability, others may be found secondarily liable...." *Bear Mountain Orchards*, 623 F.3d at 167; *see also Weis-Buy Farms, Inc. v. Quality Sales, LLC,* No. 3:11cv02011(WIG), 2012 WL 2237166, at *2 (D. Conn. June 15, 2012) ("While the corporation will be held liable in the first instance for the debt owed, individuals in a position to control trust assets, who breached their fiduciary duties, may be held secondarily liable for whatever amount of the debt is not recoverable from the corporation.") (citation omitted). Thus, in the event Coface establishes liability, it is appropriate for Coface to seek satisfaction from Reed Saul's trust assets in the first instance.

Based on the foregoing, the Court will construe Count 1 as a claim seeking payment only from Reed Saul's statutory trust assets, to the extent any such assets exist. Golomb will be considered an appropriate defendant in that count only to the extent that this Court would direct

him to make the payments from Reed Saul's account in the event that Reed Saul's liability is established. With that clarification, Golomb's motion to dismiss Count 1 will be denied.

B. Count 3: Unlawful Dissipation of Trust Assets by a Corporate Official (v. Golomb)

In Count 3 of the Amended Complaint, Coface asserts a claim against Golomb personally based on his alleged dissipation of the trust fund assets. Under the PACA, "'[a]n individual who is in the position to control the [PACA] trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act.'" *Bear Mountain,* 623 F.3d at 167-68 (quoting *Weis–Buy*, 411 F.3d at 421). "In assessing individual liability, a court must (1) 'determine whether an individual holds a position that suggests a possible fiduciary duty to preserve the PACA trust assets (e.g., officer, director, and/or controlling shareholder)'; and (2) 'assess whether that individual's involvement with the corporation establishes that she was actually able to control the PACA trust assets at issue.'" *Food Team Int'l, Ltd. v. Unilink*, LLC, 595 F. App'x 146, 149 (3d Cir. 2014) (quoting *Bear Mountain*, 623 F.3d at 172 (3d Cir. 2010)). "In addition, an individual is not liable unless the '*individual* ... does not preserve [the trust assets] for the beneficiaries.'" *Id.* (quoting *Weis–Buy*, 411 F.3d at 421) (emphasis, alteration and ellipsis in the original) (additional internal quotation marks and citation omitted).

Golomb argues that the Amended Complaint fails to allege any facts sufficient to support a finding that he was *actually able* to control the PACA trust assets of Reed Saul or personally dissipated those assets. Golomb further contends that Coface has not alleged the existence or breach of any fiduciary duty on his part.

The Court does not agree. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of

what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (1007) (internal citation and quotation marks omitted). Although under *Twombly,* "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice, still the complaint need allege only "facts suggestive of [the proscribed] conduct" that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

Here, Coface has alleged that Golomb is the "owner, officer and director of Reed Saul ... who controlled the day to day operations of Reed Saul," and was in a "position[ ] of control over the PACA trust assets belonging to Plaintiff." (Amended Compl. ¶ 5(b);[5] *see also id.* at ¶ 20.) Exhibit A to the Amended Complaint shows that Golomb is the sole principal listed on Reed Saul's PACA license. (*See* Amended Compl. Exhibit A.) Coface's averments, together with Exhibit A, support a reasonable inference that Golomb was in a position of actual control over Reed Saul's trust assets. *See Schauer v. Fid. Sec. Life Ins. Co.*, No. 1:14CV0141, 2015 WL

---

[5] Golomb urges this Court to disregard this averment on the grounds that it was made "upon information and belief" and is therefore conclusory; however, the Third Circuit Court of Appeals has explained that "pleading upon information and belief is permissible '[w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control' – so long as there are no '*boilerplate and conclusory allegations*' and '*[p]laintiffs ... accompany their legal theory with factual allegations that make their theoretically viable claims plausible.*'" *McDermott v. Clondalkin Group, Inc.,* --- F. App'x ---, No. 15-2782, 2016 WL 2893844, at *4 (3d Cir. May 18, 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 216 (3d Cir. 2002) (internal alterations and emphasis in the original). Coface has satisfied that standard in this case. First, Reed Saul is uniquely in control of information relating to the manner in which its trust assets were managed and/or controlled. *See, e.g., Weis-Buy Farms, Inc. v. Quality Sales LLC,* No. 3:11cv02011(WIG), 2012 WL 2237166, at *3 (court noting, in a PACA breach-of-fiduciary duty action, that "plaintiffs in cases such as this one are often not in a position to know the inner workings of a corporation with which they do business many miles away and, thus, are not in a position to include specific facts about an individual's control of the corporation at [the Rule 12(b)(6)] stage of the litigation") (D. Conn. June 15, 2012). Second, Coface's allegations involve factual averments rather than "boilerplate" conclusions of law. Third, Coface has alleged a plausible basis for Golomb's personal liability, for reasons explained herein. Accordingly, the Court will accept as true those averments proffered by Coface "upon information and belief."

1165176, at *1 (W.D. Pa. Mar. 13, 2015) ("[W]hen deciding a motion filed in accordance with Rule 12(c), a Court must accept the factual allegations as true and draw all reasonable inferences presented in the pleadings in the light most favorable to the plaintiff.") (citing authority). According to the Amended Complaint, Reed Saul, through Golomb, accepted produced from JE Corcoran having a value of $402,810.35 but never paid for $356,410.35 worth of the produce. (*See id.* at ¶¶ 8-9, and 12, alleging that both "Defendants" engaged in the foregoing conduct.) Coface's assignor, JE Corcoran, apparently preserved its status as the beneficiary of the statutory PACA trust, as demonstrated by the invoice exhibits, but Defendants Reed Saul and Golomb allegedly failed to make payments from the trust in the amount that is still due and owing. (*Id.* at ¶¶10-11, 12, 15-16.) Coface avers that Golomb engaged in an unlawful dissipation of trust assets by failing to direct Reed Saul to maintain those assets for JE Corcoran's benefit and pay for the produce supplied, thereby depriving JE Corcoran of its right as a beneficiary of the produce trust. (*Id.* at ¶¶ 21-23.) Collectively, these allegations, taken as true, are sufficient to support a plausible inference that Golomb had a fiduciary duty to preserve the PACA trust assets, was actually able to control the assets, and dissipated the assets by failing to direct their preservation. *See Weis-Buy Servs., Inc. v. Paglia,* 411 F.3d 415, 421 (3d Cir. 2005) ("An individual who is in the position to control the [PACA] trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act.") (citation omitted);*Weis-Buy Farms, Inc. v. Quality Sales LLC,* No. 3:11cv02011 (WIG), 2012 WL 2237166, at *2 (D. Conn. June 15, 2012) (same) (citations omitted).

Golomb insists that Coface's allegations are merely conclusory and the Court must therefore disregard them in performing its Rule 12(c) analysis. The Court does not agree. Coface's allegations that Golomb was in a position of control over Reed Saul's assets and

13

dissipated those assets by failing to direct Reed Saul to maintain its assets and pay Coface are factual in nature and must be accepted as true for purposes of the Court's Rule 12(c) analysis. *See, e.g., Weis-Buy Farms,* 2012 WL 2237166, at *3 ("The amended complaint ... did plainly allege that [the defendant] was in control of the operations of Quality Sales and that he had the right and authority to control the operations. These are not conclusions of law. They are factual statements that the Court must accept as true at this juncture."); *Partner's Produce, Inc. v. Newport Int'l of Tierra Verde, Inc.*, No. 09–82404–CIV–MARRA, 2010 WL 2950005, at *3 (S.D. Fla. July 26, 2010) ("[G]iven that the Complaint alleges that the officers and directors were in a position to control [the corporation] 'at all relevant times,' the Complaint has satisfied the required pleading standard.... To the extent that Defendants claim that [the movant] was not in a position of control of [the corporation's] finances at all relevant times, such an inquiry is fact-specific and cannot be resolved on a motion to dismiss."); *In re Paxson,* Bankruptcy No. 13-10817, 2013 WL 2180144, at *4 (Bankr. E.D. Pa. May 17, 2013) (finding that plaintiff's allegations were sufficient to state a claim for breach of fiduciary duty under PACA where "plaintiff [had] alleged that the debtor/defendant was an officer, director and/or owner of the PACA purchaser, ... was in a position to control the disposition of PACA trust assets when the PACA invoices went unpaid, is listed as one of two principals of the corporate PACA license, and ... operated [the purchaser corporation] during the relevant time period."). Golomb may dispute these assertions and may even prevail on the issue at time of trial, but, for present purposes, Coface's allegations are sufficient to state a plausible claim against Golomb for personal liability under the PACA.

Golomb also argues that Coface has failed to adequately plead a dissipation of trust assets. According to Golomb, his alleged "failure to direct" Reed Saul to maintain its trust assets

or to pay JE Corcoran is insufficient to satisfy this standard. The Court disagrees. Under the applicable regulations, "dissipation" is defined as "any act **or failure to act** which **could result** in the diversion of trust assets or which **could prejudice or impair** the ability of unpaid suppliers, sellers, or agents to recover money owed in connection with produce transactions." 7 C.F.R. §46.46(a)(2) (emphasis supplied). Clearly, Coface has alleged a "failure to act" on Golomb's part that "could [and allegedly did] impair" JE Corcoran's ability to recover money owed.

In sum, Coface has stated a plausible claim for relief against Golomb in his personal capacity. Accordingly, judgment for Golomb is not warranted and his motion will be denied relative to Count 3 of the Amended Complaint.

C. <u>Count 4: Interest and Attorneys' Fees (v. Reed Saul and Golomb)</u>

In Count 4 of the Amended Complaint, Coface asserts a claim for prejudgment interest on its overdue balance and recovery of its attorneys' fees. "'Where terms for attorney fees and interest are part of the contract between the parties, the fees and interest are recoverable as sums owing in connection with such transactions under PACA.'" *Reser's Fine Foods, Inc. v. Van Bennett Food Co.*, No. 5:15-CV-0738, 2015 WL 6103637, at *4 (E.D. Pa. Oct. 16, 2015) (quoting *Food Team Int'l, Ltd. v. Unilink, LLC*, 872 F. Supp. 2d 405, 419 (E.D. Pa. 2012)); *see also Weis–Buy Services, Inc. v. Paglia*, 307 F. Supp. 2d 682, 694–695 (W.D. Pa. 2004), *rev'd on other grounds*, 411 F.3d 415 (3d Cir. 2005); *Top Banana, L.L.C. v. Dom's Wholesale & Retail Ctr., Inc.*, No. 04 CIV 2666, 2005 WL 1149774, at *2 (S.D.N.Y. May 16, 2005) ("The law in this area is clear—PACA itself does not create a right to attorneys' fees or interest, but where the parties' contracts include such terms, they can be awarded.").

Here, Coface alleges that "PACA and Corcoran's invoices require Defendants to pay interest on past due accounts at 18% per annum, and to pay attorneys' fees in the event legal action is necessary to collect sums owed for produce delivered." (Amended Compl. ¶28.) As evidence of its claim, Coface has attached copies of the relevant invoices to its pleading. (*See* Amended Compl. Ex. C., Docket No. 19-3.)

Golomb objects that the attached invoices make no mention of interest or attorneys' fees. Having inspected them, the Court agrees that no reference to counsel fees or interest is evident from the face of the invoices. Moreover, Coface has not responded to this aspect of Golomb's motion. Accordingly, the Court will grant Golomb's request for a Rule 12(c) judgment relative to Count 4.

## V. CONCLUSION

Based upon the foregoing reasons, the Defendant David Golomb's motion for judgment on the pleadings is granted as to Count 4 of the Amended Complaint and denied in all other respects. An appropriate order follows.

> */s/ Nora Barry Fischer*
> Nora Barry Fischer
> United States District Judge

Date:   June 21, 2016

cc:   All counsel of record
      (via CM/ECF)